## THE INHABITANTS OF ALNA *vs.* PLUMMER.

It is within the ordinary powers and duties of towns in this State, in which no distinct and separate parish or religious society is established, to provide for religious instruction ; and for this purpose they may raise and assess money to support ministers, and to build and repair meeting houses.

Rights accruing to towns in their parochial and others in their municipal capacity, may well be vindicated in the same action.

In this action, which was *assumpsit*, the writ contained two principal counts ;—one being for monies paid for the support of the defendant's wife as a pauper, she being found in *Alna*, in want of immediate relief, and for monies paid to the town of *Dresden*, for a judgment rendered against the plaintiffs for the like cause ; —and the other being for the price of a pew in a meeting house

erected by the plaintiffs, which was struck off at vendue to the defendant, averring the tender of a sufficient deed of the pew, with warranty, &c.

The defendant pleaded in abatement that these counts were improperly joined, the first cause of action accruing to the inhabitants " in their corporate or political capacity, including all the inhabitants of the town,"—and the other accruing to them " in their parochial capacity," the pew being in a house of religious worship; and divers inhabitants of the town, naming them, not being " members of the religious society or parish composed of " the inhabitants of Alna in their said parochial capacity."

The plaintiffs replied that the meeting house was built on a certain described lot of land, of which, and of the house and pew, they were seized in fee simple " as a body politic and corporate." To which the defendant demurred, because the plaintiffs had not shewn whether the second cause of action accrued to them in their political or their parochial capacity.

*Stebbins,* in support of the demurrer, adverted to the fact existing from the earliest settlement of the country, that every town, when incorporated, has parochial, as well as municipal powers, and becomes in fact a parish, as well as a town. . Yet it is not one and the same, but two distinct corporations; and in the affairs of the parish none but parishioners can vote. The estates also, of the parish, are subject to different rules of alienation, some being inalienable without the consent of the minister, and the seisin being in him in *jure parochiæ.* *Austin v. Thomas* 14 *Mass.* 338. 4 *Mass.* 573. 1 *Greenl.* 364. 13 *Mass.* 192. 3. *Mass.* 296. 10 *Mass.* 430. 1 *Mass.* 190. *Minot v. Curtis* 7 *Mass.* 441.

Being thus distinct corporations, they cannot join in this suit. It is not enough for the plaintiffs to say that they as a town own the ground on which the building stands; for it does not necessarily follow that the owner of the soil is owner also of the house erected on it. And if it were otherwise, yet it exceeds the power of the town, *as such,* to hold a house for religious worship; and any real estate purchased for that purpose, must be regarded as parochial property. *Baker v. Fales* 16 *Mass.* 488.

*Orrr* and *Allen*, *e contra*, contended that the objection was not
well taken in this form, as it put the ownership of the property
in issue in a plea in abatement ; which is not allowable, it being
to the merits of the action.    *Baker v. Jewell* 6 *Mass.* 460.    *Hart
v. Fitzgerald* 2 *Mass.* 509.    *Converse v. Symmes* 10 *Mass.* 377.
*Thompson v. Hoskins* 11 *Mass.* 419.    The plea that there is a
parish in *Alna*, distinct from the town, or that there ever has been
any separation of the town and parish,  is also bad in form.

But the objection cannot be sustained in any form.    It goes to
the utter inability of the town to convey any estate in fee, on which
a meeting house may have been erected.    But though the town
may, in some cases, discharge parochial duties, and hold property
applicable to parish purposes, yet it is not therefore divided
into two distinct corporations; but it merely controls a partic-
ular portion of property, as trustee for whom it may concern.
For any injury to this property, the town alone can sue, although
the damages recovered might enure to the benefit of a part only
of the citizens.

WESTON J. delivered the opinion of the Court at the ensuing
term at *Augusta*, as follows.

It is not averred by the plea in abatement, that the inhabitants
of *Alna* no longer have capacity to act as a town in matters of a
parochial nature, by the formation therein of a separate and dis-
tinct parish; but it is alleged that, at the time of the commence-
ment of this suit, certain persons, citizens of *Alna* in its political
capacity, had ceased to be members of the religious society,
composed of the inhabitants of that town.    And by *chap*. 114,
*sect.* 1, of the revised statutes of this State, such persons are
excluded from voting, " whenever the inhabitants of any town are
" legally assembled to act on any subject, relating exclusively to
" parishes."    But their corporate character and capacity, as a
town, remains unchanged.    The inhabitants assemble and act as
a town; and every inhabitant, as such, qualified as the law directs,
has a right to vote; unless he has, by his own act, withdrawn
himself from them as a religious society, and from the obligations
which they may assume in that capacity.

The Inhabitants of Alna *v.* Plummer.

It is, and long has been, within the ordinary powers and duties of towns, in which no distinct and separate parish or religious society has been established, to provide for religious instruction. To this end they may vote and assess money for the erection and repair of meeting houses; and for the support and maintenance of ministers.   And, in furtherance of these objects, they may enter into contracts, for the violation of which they may sue and be sued.   If the two causes of action united in this writ, had been made the foundation of two suits, instead of one, the plaintiffs in each must have sued by the same name.   The inhabitants of the town of *Alna* have but one name, and constitute but one corporation.   But it is said that their parochial capacity is distinguishable from their muncipal; and that their rights in the one must be vindicated in a separate action, and cannot be combined with claims in the other.

The case is not analogous to one, in which a plaintiff might attempt to unite in the same action a claim in his own right with one, which he prosecutes *en autre droit.*   When the inhabitants of a town, in which there is no separate parish make provision for religious instruction, by the erection of a meeting house, or by voting and assessing money for the maintenance of a minister, they are as beneficially interested in these objects, as when they vote and assess money for the support of schools.   Funds raised for all these purposes, are paid into the common treasury, from which they are drawn and appropriated, under the authority of the town.   When the town ceases to have parochial rights and duties, by the establishment therein of a separate parish, it is succeeded by a new corporation, having a distinct organization and separate officers;   and the town as such can no longer make or enforce any contracts of a parochial nature.   But until that event takes place, we are not aware that there exists any legal objection to the joinder of the two causes of action, set forth in the plaintiff's declaration.

We are, therefore, of opinion that the plea in abatement is bad; which renders it unnecessary to consider the objections made to the replication.

*Judgment of respondeat ouster.*